**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 24-cv-02134-NYW-KAS

DANIEL BECK,

     Plaintiff,

v.

GATEWAY INN, INC.,
GRAND LAKE FAMILY LLLP,
WILD BEAR TAVERN, INC.,
LISA JENKINS,
ROBBIE MUCK, and
SHERRY OLIVER,

     Defendants.

_____

**ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER**
_____

This matter is before the Court on the Honorable Magistrate Judge Kathryn A. Starnella's Order granting Defendants' Motion to Compel a Mental Examination of Plaintiff Pursuant to Fed. R. Civ. P. 35 (the "Order"). [Doc. 66, issued March 17, 2026]. On March 27, 2026, Plaintiff Daniel Beck ("Plaintiff" or "Mr. Beck") timely objected to the Order, arguing that Judge Starnella "made four legal errors requiring reversal." [Doc. 76 at 1–2]. For the reasons set forth in this Order, Mr. Beck's Objection is respectfully **OVERRULED** and the Order is **AFFIRMED**.

**LEGAL STANDARDS**

When a party objects to a magistrate judge's nondispositive order, the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). This means that a magistrate judge's findings should not be

rejected merely because the district court would have decided the matter differently. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985). A district court must affirm a magistrate judge's decision unless "on the entire evidence" the district court "is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quotation omitted). "The contrary to law standard permits plenary review as to matters of law, but the Court will set aside a Magistrate Judge's order only if it applied the wrong legal standard or applied the appropriate legal standard incorrectly." *Franklin D. Azar & Assocs. V. Executive Risk Indem., Inc.*, No. 22-cv-01381-RMR-NRN, 2023 WL 6962084 at *2 (D. Colo. Oct. 20, 2023) (quotation omitted).

## BACKGROUND

This is a retaliatory termination action first brought by Mr. Beck against Defendants on August 1, 2024. [Doc. 1]. Mr. Beck filed his First Amended Complaint and Jury Demand on January 16, 2025, alleging eleven claims for relief. [Doc. 25]. Among other things, Mr. Beck seeks "[c]ompensatory damages including, but not limited to . . . emotional distress, pain, inconvenience, mental anguish, and loss of enjoyment of life." [*Id.* at 55]. Mr. Beck's Initial Disclosures included "an estimated $6.15 million in emotional distress damages." [Doc. 50 at 2].

On June 5, 2025, Mr. Beck timely served his expert disclosures and designated Dr. Deirdre Fraller as a "non-retained medical expert." [*Id.*; Doc. 29 at 2; Doc. 29-1 at 3]. On September 15, 2025, Mr. Beck served amended expert disclosures. [Doc. 76-2]. Regarding Dr. Fraller, Mr. Beck disclosed that she is the CEO and Clinical Director of Owl & Eagle Health and Wellness and treats patients for "all psychiatric conditions." [*Id.* at 3].

Mr. Beck disclosed that Dr. Fraller and others at Owl & Eagle Health and Wellness have been "Plaintiff's mental health providers from October 28, 2024 to the present." [*Id.* at 4]. They "treat Plaintiff for symptoms of depression, anxiety, and PTSD, as well as engaging in individual therapy with Plaintiff and managing Plaintiff's medications." [*Id.*].

Mr. Beck further disclosed the scope of the expected testimony by Dr. Fraller and/or other medical professionals at Owl & Eagle Health and Wellness: (1) "the causal connection Plaintiff reported between Defendant's conduct during Plaintiff's employment and the onset of Plaintiff's mental health conditions, as well as the related impact on his wellbeing, medication management, and treatment plan for the same"; (2) "the duration, nature, and severity of Plaintiff's emotional distress arising from his employment"; (3) "the status of Plaintiff's mental health conditions and care during the events giving rise to Plaintiff's claims"; (4) "the mental health care provided to Plaintiff"; (5) "the reported emotional distress, humiliation, anguish, and/or embarrassment Plaintiff experienced at the time of and after Defendants' discrimination and retaliation against him"; and (6) "the ways in which Defendants' reported discrimination and retaliation against Plaintiff continue to affect Plaintiff after his wrongful termination," among other things. [*Id.* at 4–5].

On October 21, 2025, Judge Starnella held a discovery hearing regarding, among other issues, Defendant's oral Motion to Compel Plaintiff to Appear for a Rule 35 Examination. [Doc. 42]. At that hearing, Judge Starnella found good cause for the Motion and that Mr. Beck has placed his mental condition in controversy. She then ordered a briefing schedule for the Motion to Compel. *See* [*id.* at 2].

3

On November 5, 2025, Defendants filed their Motion to Compel a Mental Examination of Plaintiff Pursuant to Fed. R. Civ. P. 35 (the "Motion").  [Doc. 43].  The Court referred the Motion to Judge Starnella.  [Doc. 45].  Plaintiff responded, [Doc. 50], and on March 17, 2026, Judge Starnella held a hearing on the Motion (the "Hearing"), [Doc. 66].  At the hearing, Judge Starnella granted the Motion and ordered that the mental examination shall be "limited to the scope of the Plaintiff's expert's opinions" and "should not exceed one day of eight hours of evaluation."  [*Id.* at 1].

## ANALYSIS

Plaintiff advances four arguments for why Judge Starnella's order is contrary to law:  (1) it "departs from the controlling Rule 35 framework" and substitutes "a generalized 'truth-seeking' rationale for the required discriminating application of the 'in controversy' and 'good cause' standards"; (2) it "erroneously concludes that Plaintiff's mental condition is 'in controversy'"; (3) it "finds good cause without requiring any showing that the requested information cannot be obtained through existing discovery"; and (4) it "permits a Rule 35 examination after the rebuttal expert disclosure deadline had passed, contrary to authority."  [Doc. 76 at 2].

***Rule 35 Framework Departure.***  Mr. Beck argues that Judge Starnella "failed to apply the heightened standards required by Rule 35," that is, instead of requiring Defendants to show that Plaintiff's mental condition is "in controversy" and there is "good cause" for the examination, Judge Starnella "rel[ied] on a generalized 'truth-seeking function' applicable to ordinary discovery."  [Doc. 76 at 3–4].  However, Mr. Beck acknowledges later in his Motion that Judge Starnella made findings as to both the "in controversy" and "good cause" elements.  *See* [*id.* at 5–7 ("The Magistrate [Judge]'s

4

finding that Plaintiff's mental condition is 'in controversy' is contrary to law" (emphasis omitted)), 7–8 ("The Magistrate [Judge]'s good cause finding is contrary to law, because it ignores the requirement that information be unavailable through other means" (emphasis omitted))].    Indeed, the Hearing transcript reflects that Judge Starnella considered both elements.  *See, e.g.*, [Doc. 70 at 21:22–22:1 ("Plaintiff has established good cause to be able to conduct the IME.  Plaintiff's mental health is very much at issue in this case."); 27:4–8 (Judge Starnella responding "But I already found that" when Plaintiff's counsel argued that the appropriate standard "is good cause and in controversy"); 28:14–16 ("There's good cause, and your client's mental health is a matter in controversy put at issue by him, nobody else but him, and so an IME is appropriate."). Thus, the Court does not find that Judge Starnella "applied the wrong legal standard," and the Objection is respectfully overruled on this basis.

*Erroneous Finding of "In Controversy."*    Mr. Beck contends that Judge Starnella's finding that Mr. Beck's mental condition is "in controversy" is contrary to law. [Doc. 76 at 5–7].  But Mr. Beck acknowledges that he has had a "claim for emotional distress since the very outset of this case," [Doc. 70 at 13:19–14:2]; he is claiming $6.15 million in emotional distress damages, [*id.*]; and he has disclosed his own treating provider as an expert to testify about his "symptoms of post-traumatic stress disorder, major depressive disorder, and generalized anxiety," treatment of those conditions, and reported cause thereof, [Doc. 50 at 1–2, 8, 15].  Mr. Beck cites no authority that these factors taken together cannot, as a matter of law, meet the "in controversy" requirement. Thus, the Objection is respectfully overruled on this basis as well.

***Erroneous Finding as to "Good Cause."*** Next, Mr. Beck argues that Judge Starnella's finding of "good cause" for the mental examination is contrary to law because she "made no finding that Defendants lack access to the information they seek." [Doc. 76 at 7–8]. In other words, Mr. Beck contends that Judge Starnella did not make a finding that the information Defendants seek through the mental examination is not available elsewhere. [*Id.* at 7]. But Judge Starnella expressly considered this issue, asking Defendants' counsel at the Hearing "why the information [they] seek to obtain through the IME is not available through the medical records [they] have received and not available through the depositions [they]'ve already conducted," as well as why cross-examining Plaintiff's medical expert would be insufficient. *See* [Doc. 70 at 6:10–9:14]. Judge Starnella then found that Defendant "established good cause to be able to conduct the IME." *See* [*id.* at 21:22–22:1, 27:4–8, 28:14–16, 41:20–22]. Thus, there is no support for Mr. Beck's contention that Judge Starnella "effectively bypassed Rule 35's good cause requirement" by relying on a standard "that does not require any showing of necessity or unavailability." *See* [Doc. 76 at 8]. The Objection is respectfully overruled on this basis.

***Timeliness.*** Finally, Mr. Beck argues that Defendants' delay of two months after the rebuttal expert deadline—but still within the fact discovery deadline—to bring the present Motion makes the Motion untimely, and Judge Starnella erred in granting the Motion for this reason as well. *See* [Doc. 8–11]. However, Plaintiff does not cite to any authority stating that motions for Rule 35 examinations *must* be brought before the deadline for rebuttal expert discovery. Indeed, even one of the cases that Plaintiff cited in his Objection, *Adetula v. United Parcel Services, Inc.*, explains that "[t]he Tenth Circuit Court of Appeals has not yet addressed the issue of timing" for seeking Rule 35

examinations, and "[c]ourts are widely split," with some courts specifying that examinations "should be completed during fact discovery," others permitting examinations "within the deadline for expert reports (which typically falls after the close of fact discovery)," and still others authorizing examinations "even after the expert discovery deadline, finding they proceed independently of Rule 26(a)(2)." No. 2:18-cv-00612, 2024 WL 4504949, at *2 (D. Utah Oct. 16, 2024) (quotations omitted) (collecting cases). Plaintiff's citations to district court cases from other jurisdictions, *see* [Doc. 76 at 9], does not leave the Court "with the definite and firm conviction that a mistake has been committed." *See United States v. Rhodes,* 834 F. App'x 457, 462 (10th Cir. 2020) ("[D]istrict courts in this circuit are bound by [Tenth Circuit] decisions and those of the United States Supreme Court—they are not bound by decisions of other district courts, much less district courts in other circuits.").

In any case, even though Judge Starnella ruled that "the IME right now is separate from the rebuttal report, and Plaintiff has established good cause to be able to conduct the IME," [Doc. 70 at 21:22–24], she also found that "to the extent [Defendants' motion] is a request to belatedly conduct an IME and issue a rebuttal expert report, . . . there is good cause for that" because there is no "clear record here of undue delay by defendants" and no undue prejudice to Plaintiff, [*id.* at 41:5–42:13]. In so finding, Judge Starnella considered the numerous "outstanding discovery issues" that existed at the time that Defendant brought the oral Motion, including responses that still needed to be supplemented and further action and discovery that needed to be taken. [*Id.* at 40:23–41:3]. Plaintiff fails to show that any of these rulings or findings were contrary to law. *See McFadden v. Meeker Housing Auth.*, No. 16-cv-02304-WJM-GPG, 2018 WL 11619333,

at *3–4 (D. Colo. Apr. 2, 2018) ("It was . . . within [the Magistrate Judge]'s discretion to" "permit IMEs and their attendant expert reports after the expert disclosure deadline" based on "the interest of justice.").

Accordingly, Mr. Beck's Objection is respectfully **OVERRULED**.

**CONCLUSION**

For the reasons explained above, **IT IS ORDERED** that:

(1)     Plaintiff's Objections to the Magistrate Judge's March 17, 2026 Order Granting Defendants' Motion to Compel Mental Examination of Plaintiff [Doc. 76] is **OVERRULED**; and

(2)     Judge Starnella's March 17, 2026 Order [Doc. 66] is **AFFIRMED**.

DATED:  April 24, 2026                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge